IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| William Anthony Williams, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 1:20-cv-01484-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner William Anthony Williams ("Petitioner"), a state prisoner proceeding *pro se*, seeks relief under 28 U.S.C. § 2241. (ECF No. 1). Petitioner filed this Petition for Writ of Habeas Corpus on April 17, 2020. *Id.* In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On April 20, 2020, the magistrate judge issued an order directing Petitioner to bring the case into proper form and to either pay the initial filing fee or move for leave to proceed *in forma pauperis*. (ECF No. 4). The order further advised Petitioner of his duty to keep the court informed as to his current address. *Id.* at 3. The order warned Petitioner that failure to provide the necessary information to bring the case into proper form, including payment of the filing fee, within the time permitted or to keep the court informed of any change in his address may subject the case to dismissal. *Id.* at 2, 3. The order was mailed to Petitioner on April 20, 2020, and has not been returned to the court. (ECF No. 5). Accordingly, Petitioner is presumed to have received the order. Nevertheless, Petitioner failed to respond to the April 20th order or to bring the case into proper form within the time permitted.

On May 18, 2020, the magistrate judge issued another order extending the time for Petitioner to bring the case into proper form until June 5, 2020. (ECF No. 7). This order again

1

informed Petitioner of his duty to keep the court informed as to any change of his address. *Id.* at 3. Additionally, the order warned that Petitioner's failure to bring the case into proper form or to keep the court apprised of his address may result in dismissal of the case. *Id.* at 2, 3. This second order was mailed to Petitioner on May 18, 2020, (ECF No. 8), and was returned to the court has undeliverable on June 16, 2020, (ECF No. 12). To this date, Petitioner has failed to respond to the magistrate judge's orders, and the time to do so has now run.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the case be dismissed without prejudice based on Petitioner's failure to prosecute and to comply with the court's order pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 10). Petitioner was advised of his right to file objections to the Report, *id.* at 3, and the Report was mailed to Petitioner on June 12, 2020, (ECF No. 11). On June 22, 2020, the Report was returned to the court as undeliverable. (ECF No. 13). Accordingly, on August 26, 2020, the undersigned issued a text order granting Petitioner fourteen days in which to provide an updated address to the clerk of court and to file objections to the Report. (ECF No. 15). The court warned Petitioner that if he failed to file objections and update his address within that time, the case would be dismissed for failure to prosecute. *Id.* A copy of the court's order was mailed to Petitioner at the address he provided to the court on August 26, 2020, (ECF No. 16), and was returned as undeliverable on September 8, 2020, (ECF No. 18). The time granted for Petitioner to comply with the court's order has now run.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or

statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (emphasis added).  In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).  *Id.* at 630.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the [plaintiff's history of] proceeding in a dilatory fashion; and,

(4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (internal quotation marks omitted).  These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case.  *Ballard*, 882 F.2d at 95.  For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal.  *See id.* at 95–96.

Here, the factors weigh in favor of dismissal.  As Petitioner is proceeding *pro se*, he is personally responsible for his failure to comply with the court's orders.  Petitioner was specifically warned that his case would be subject to dismissal for failure to comply.  *See* (ECF Nos. 4, 7, 15); *see also Cuffee v. Dep't of Corr.*, 757 Fed. App'x 272, 272–73  (4th Cir. 2019) (affirming dismissal under Rule 41(b) where plaintiff failed to comply with court order requiring payment of an initial partial filing fee); *Roudabush v. Mosley*, 736 Fed. App'x 56,  (4th Cir. 2018) (affirming dismissal under Rule 41(b) where petitioner failed to bring the case into proper form and either pay the filing fee or apply to proceed *in forma pauperis*).  The court concludes that Petitioner's lack of response to the April 20th proper form order, which was not returned to the court and which Petitioner is

presumed to have received, indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Petitioner was explicitly warned that failure to respond or comply would subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Accordingly, the court finds that Petitioner's case is subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for failure to comply with court orders. Therefore, this case is **DISMISSED without prejudice**. The clerk of court shall provide a filed copy of this order to Petitioner at his last known address.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 18, 2020